Minshall, C. J.
The question in this case depends upon the construction that should be given to the word “ owner ” as used in the water-craft law^of this state. By the provisions of this law, § 5880, Revised Statutes, any water-craft, navigating the waters within, or bordering upon, the state, is made liable “ for all debts contracted upon account thereof by the master, owner, steward, consignee, or other agent, for materials, supplies,” etc., furnished the same, and the debts so contracted are declared a lien thereon.
And by section 5882, it is provided that any person having a demand under the former section, “ may proceed against the owner of the craft, or the master who contracted the debt, or against the craft itself.” According to the charge of the court, under these sections, one who simply holds the legal title to a craft as security for the amount due him upon the .sale of it, is an owner, and liable for debts contracted by the purchaser, who has the exclusive possession and control of the boat. If this be so, it is not only anomalous but contrary to the general principles of justice. No such liability attaches to the mortgagee of real or personal property under the same circumstances, nor in any case where the vendor retains the title to the property as a security for the payment of the purchase-money by the vendee. Then why should it be so, in á similar case, arising under thé water-craft law ? No reason is perceived for it, resting upon any principle of justice or policy; nor is it required by the words of the statute. The liability created against the craft by section 5880, is for debts contracted on its account for material and supplies by'the “owner,” or his agents; and it is this liability which, by section 5882, may be enforced by a suit against the “owner,” or against the craft by a proceeding in rem. It seems manifest from the reason and language of the statute, that what is here meant by the word “ owner,” is the *498 person who has the possession and control of the boat, and runs and operates it pro hac vice in his own interest. He may be the hirer of it, or the mortgagor in possession and the owner of it as against all the world except fhe mortgagee, of the vendee in possession, and also a like owner except against the vendor who retains the legal title as a simple security. It is not necessary that he should be the absolute, nor the legal owner; it is sufficient if he is in possession and has the equitable title to the property in the boat. The fact that he may be deprived of his possession by the assertion of the legal title, can in no manner affect the reason and policy of the water-craft law, so long as this power is not asserted, and he retains the possession and control of his boat.
This is according to the rule and practice in admiralty from which the principal provisions contained in our watercraft law were taken. It seems there well settled that a mortgagee out of possession is not liable for supplies furnished the vessel; nor is the owner who has let his ship by a charter-party, the charterer being, in such case, regarded as owner pro hac vice and liable as such. 3 Kent Com., 11 ed., 190-195; Abbott on Shipping, 43-52; Parsons on Shipping, 129.
If then by the terms of the contract between Hemm and Hamilton the legal title remained, as the court charged, in Hemm until payment by Hamilton, still as he so held it simply as a security, he would not be liable for supplies furnished the boat on the orders of the captain, having parted with the possession to Hamilton, who then ran and operated the boat on his own account. “ Where,” says Chancellor Kent, “ the contract of sale is made, and possession delivered, the circumstance that the naked legal title remains in the vendor for his security does not render him liable as owner on the contracts, or for the conduct of the master.” 3 Kent Com., 11 ed., 191. The court therefore erred in charging the jury as it did and in refusing to charge as requested, and for this reason

The judgments of both courts are reversed and cause remanded for a new trial.